# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Cheng C. Yen** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL NO.:  5:21-cv-215** |
| | § | |
| | § | |
| **Berkshire Life Insurance** | § | |
| **Company of America** | § | |
| | § | |
| *Defendant* | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Cheng C. Yen, Plaintiff herein, complaining of Berkshire Life Insurance Company of America, (hereinafter referred to as "Berkshire"), and for cause of action would show:

1.    Plaintiff resided in San Antonio, Texas, which is in the Western District of Texas, at the time his cause of action accrued.

2.    Defendant, Berkshire, is a Massachusetts insurance company with its principal place of business in Massachusetts.   Berkshire is authorized to transact the business of insurance in the state of Texas.   Berkshire may be served with citation herein by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3.    Jurisdiction is appropriate in this court under 28 U.S.C. § 1332.   The matter in

controversy arises between citizens of different states and the amount in controversy exceeds $75,000.00.

4.  Venue is proper in this district because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

5.  All conditions precedent to Plaintiff's recovery under all causes of action against Defendant, Berkshire, set forth herein have been performed or have occurred.

6.  It has become necessary to bring this suit due to the failure of Berkshire to honor its obligations to Plaintiff.  In 2012 Plaintiff purchased disability income insurance coverage from Berkshire.  In June 2012, Berkshire issued policy number Z2420650 to Plaintiff.  In July 2012, Berkshire issued policy number Z9517060 to Plaintiff.  In exchange for premiums, Berkshire promised to pay benefits to Plaintiff should he become Disabled under the terms of the policies.

7.  In 2017, Plaintiff became Disabled under the terms of the policies.  In September 2017 Plaintiff submitted a claim for disability income benefits, identified as claim number 76356, to Berkshire.

8.  By January 23, 2019, Berkshire had received all documentation from Plaintiff reasonably requested or required to secure proof of loss.  Nevertheless, Berkshire denied Plaintiff's claim for disability income benefits on March 6, 2019.

9.  On June 3, 2019 Plaintiff appealed Berkshire's denial of benefits.  Berkshire denied Plaintiff's appeal on December 17, 2019.

10. The conduct described above constitutes a breach of contract.   Plaintiff has

2

incurred a covered loss which should have been compensated by Berkshire. Berkshire has failed to perform its obligations under the contract by failing to pay Plaintiff's valid claim, which was properly submitted.

11.     Berkshire's action further violates Texas' Prompt Payment of Claims statute, as set forth in Texas Insurance Code § 542.051 *et. seq.* Specifically, Berkshire:

A)      Failed to accept or reject Plaintiff's claim prior to the 60th day after it received the items, forms and statements it required, in contravention of Texas Insurance Code § 542.056(d);

B)      Failed to provide Plaintiff all its reasons for the rejection of Plaintiff's claim in contravention of Texas Insurance Code § 542.056(c);

C)      Delayed payment of Plaintiff's claim for more than 60 days beyond January 23, 2019 in contravention of Texas Insurance Code § 542.058(a).

12.     These violations entitle Plaintiff to his damages, eighteen percent (18%) interest per annum on his damages, and reasonable attorney's fees and expenses under § 542.060 of the Texas Insurance Code.

13.     The conduct described in this Complaint was a producing and proximate cause of damage to Plaintiff.

WHEREFORE, Plaintiff prays that on final hearing, he has judgment against Defendant for his damages, statutory additional damages under the Texas Insurance Code, pre-judgment and post-judgment legal interest, costs of suit, and reasonable attorney's fees and expenses incurred, and such general relief to which he may show himself justly entitled under the attending facts and circumstances.

3

Respectfully submitted,

**BEMIS, ROACH & REED**
4100 Duval Rd.,
Bldg. 1, Ste. 200
Austin, Texas  78759
(512) 454-4000
(512) 453-6335 (facsimile)
lonnie@brrlaw.com

By:      /s/ *Lonnie Roach*
Lonnie Roach
State Bar No. 16967600
*For Plaintiff*

4